UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| WORLDSPAN, L.P., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 03-1081-JJF |
| ) | |
| vs. ) | |
| ) | |
| THE ULTIMATE LIVING GROUP, LLC, ) | |
| ) | |
| and ) | |
| ) | |
| JOHN RANDALL LASSITER, III, ) | |
| ) | |
| Defendants. ) | |
| | |
| In re: ) | Chapter 7 |
| ) | |
| THE ULTIMATE LIVING GROUP, LLC, ) | Bkr. No. 04-12990 |
| ) | |
| Debtor ) | |
| ) | |

**ORDER**

For the reasons stated on the record at the hearing on November 29, 2006,

IT IS ORDERED that the reference of the above-captioned Bankruptcy Case No. 04-12990 to the bankruptcy court for this district is hereby withdrawn in its entirety pursuant to 11 U.S.C. § 157(d); and

IT IS FURTHER ORDERED that John Randall Lassiter, III shall appear and testify before this Court at a hearing to be held on February __7__, 2007, at _9:00 am_, or at such other time as may be ordered by the Court; and

1

IT IS FURTHER ORDERED that John Randall Lassiter, III shall appear for and submit to an examination at a meeting of creditors to be held in this district at a time convenient to the United States Trustee, the Chapter 7 Trustee, and any creditors and counsel desiring to attend, said meeting to take place no later than 5 days prior to the foregoing hearing unless otherwise ordered by the Court; and

IT IS FURTHER ORDERED that John Randall Lassiter, III shall appear for deposition pursuant to Fed. R. Civ. P. 30 at a time and place convenient to counsel but no later than 5 days prior to the foregoing hearing unless otherwise ordered by the Court; and

IT IS FURTHER ORDERED that Ultimate Living Group, LLC and ULG Worldwide, Inc. shall each designate a person or persons to appear for deposition pursuant to Fed. R. Civ. P. 30(b)(6) on matters concerning the formation, management, operations, and finances of the company, said deposition(s) to be held at a time and place convenient to counsel but no later than 5 days prior to the foregoing hearing unless otherwise ordered by the Court; and

IT IS FURTHER ORDERED that John Randall Lassiter, III shall, no later 15 days prior to the foregoing hearing, deliver to the Chapter 7 Trustee and to Worldspan, L.P.'s counsel true and complete copies of the following:

1. All certificates of formation, limited liability company agreements, management and membership agreements, and minutes of meetings of The Ultimate Living Group, LLC;

2. For the period January 1, 2002 to the present, all tax returns, including all schedules and attachments, filed by or on behalf of The Ultimate Living Group, LLC;

3. For the period January 1, 2002 to the present, all statements for every account (whether checking, savings, money market, certificate of deposit, stock, bond, annuity, mutual fund, or other deposit, investment, or

       brokerage account) on which The Ultimate Living Group, LLC's name appears or which is held in another's name on The Ultimate Living Group, LLC's behalf, regardless of whether or not the account is presently open;

4. For the period January 1, 2002 to the present, all books of account, accounts receivable, accounts payable, schedules of receipts and disbursements, balance sheets, ledgers, and financial statements of The Ultimate Living Group, LLC;

5. All certificates of incorporation, stock certificates, by-laws, resolutions, and minutes of meetings of ULG Worldwide, Inc.

6. For the period January 1, 2002 to the present, all tax returns, including all schedules and attachments, filed by or on behalf of ULG Worldwide, Inc.;

7. For the period January 1, 2002 to the present, all statements for every account (whether checking, savings, money market, certificate of deposit, stock, bond, annuity, mutual fund, or other deposit, investment, or brokerage account) on which ULG Worldwide, Inc.'s name appears or which is held in another's name on ULG Worldwide, Inc's behalf, regardless of whether or not the account is presently open;

8. For the period January 1, 2002 to the present, all books of account, accounts receivable, accounts payable, schedules of receipts and disbursements, balance sheets, ledgers, and financial statements of ULG Worldwide, Inc.;

9. For the period January 1, 2002 to the present, all tax returns, including all schedules and attachments, filed by or on behalf of John Randall Lassiter, III;

10. For the period January 1, 2002 to the present, all statements for every account (whether checking, savings, money market, certificate of deposit, stock, bond, annuity, mutual fund, or other deposit, investment, or brokerage account) on which John Randall Lassiter, III's name appears or which is held in another's name on his behalf, regardless of whether or not the account is presently open;

11. All stock certificates and bonds held by John Randall Lassiter, III individually, by him jointly with another, by him as trustee or guardian, or by another on his behalf;

12. For the period January 1, 2002, all statements for any profit sharing, retirement, deferred compensation, or pension plan, or other similar account in which John Randall Lassiter, III is a participant.

SO ORDERED this 11 day of December 2006.

_____
UNITED STATES DISTRICT JUDGE