IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| THE ULTIMATE LIVING GROUP, LLC, | : | Case No. 07-00161 (JJF) |
| | : | |
| Debtor. | : | Responses Due:  April 19, 2007@ 4:00 p.m. |
| | : | |
| | : | Reply to                  April 26, 2007 @ 2:00 p.m. |
| | : | Responses Due: |

**TRUSTEE'S MOTION TO WAIVE THE REQUIREMENT OF EXAMINATION OF DEBTOR AT THE MEETING OF CREDITORS PURSUANT TO SECTION 341(a) OF THE BANKRUPTCY CODE**

Alfred T. Giuliano, the Chapter 7 Trustee (the "Trustee") in the above captioned matter through his counsel, Archer & Greiner, PC, respectfully submits this Motion to Waive the Requirement of Examination of the Debtor at the Meeting of Creditors Pursuant to §341(a) of the Bankruptcy Code (the "Motion") and in support thereof states the following:

1. The Debtor is a Delaware corporation that filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 18, 2004.

2. On May 27, 2005, the Debtor's Chapter 11 case was converted to a case under Chapter 7 and the United States Trustee appointed Alfred T. Giuliano as Trustee in this case.

3. Pursuant to §341(a) of the Bankruptcy Code the United States Trustee shall convene and preside at a meeting of creditors. Furthermore, §341(d)(1) – (4) provides that prior to the conclusion of the meeting of creditors, the Trustee shall orally examine the Debtor to ensure that the Debtor in a case under Chapter 7 of this title is aware of (1) the potential consequences in seeking a discharge in bankruptcy, including the effects on credit history; (2) the Debtor's ability to file a petition under a different chapter of the Bankruptcy Code; (3) the

effect of receiving a discharge of debts under Chapter 7; and (4) the effect of reaffirming a debt, including the Debtor's knowledge of the provisions of §524(d) of the Bankruptcy Code.

4. The 341(a) hearing was originally scheduled for July 19, 2005.

5. Counsel for the Debtor contacted Archer & Greiner, attorneys for the Chapter 7 Trustee and requested an adjournment due to the principal of the Debtor, John Randall Lassiter, III ("Lassiter"), being in France and unable to appear on July 19, 2005. The 341(a) was adjourned until August 16, 2005.

6. Counsel for the Debtor again contacted Archer & Greiner and requested another adjournment of the 341(a). As a continued courtesy, the 341(a) was again rescheduled to September 20, 2005.

7. The Debtor again failed to appear at the 341(a) hearing on September 20, 2005. Since that time the Chapter 7 Trustee has repeatedly attempted to contact Lassiter directly and through counsel to reschedule the 341(a) hearing.

8. On November 29, 2006, the United States District Court for the District of Delaware entered an order in litigation captioned *Worldspan, LP v Lassiter, et al*, Case No 03-1081 which Order, *inter alia*, withdrew the reference of this case to the Bankruptcy Court and directed the Chapter 7 Trustee to reschedule the 341(a) hearing.

9. The 341(a) hearing was again rescheduled to January 30, 2007. Lassiter again failed to appear for the Debtor at the 341(a) hearing on January 30, 2007. The 341(a) hearing has not been rescheduled.

10. On March 21, 2007 this case was entered on the Docket of the United States District Court as case number 07-00161.

11.     The Chapter 7 Trustee is preparing to close the administration of the Debtor's estate. In light of the foregoing circumstances and the fact that there is no need to ensure by oral examination in this corporate bankruptcy case that the Debtor is aware of the enumerated consumer related issues set forth in §341(d)(1) through (4), the Chapter 7 Trustee respectfully requests that he be relieved of the duty, if any, to orally examine the Debtor at a meeting of creditors conducted under §341 of the Bankruptcy Code and that the meeting be deemed concluded.

12.     Notice of this Motion is being provided to (i) The Office of the United States Trustee, (ii) known Creditors of the Debtor, and (iii) parties who have requested notice appearing on the Rule 2002 List for this matter. Trustee submits that such limited notice is adequate and should be approved in light of the circumstances outlined herein.

13.     This Motion presents no novel issues of law and accordingly the Trustee respectfully requests that this Court waive the requirements of Local District Court Rule 7.1.2(a) incorporated into the Local Bankruptcy Rules by reference in Rule 1001-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

WHEREFORE, the Trustee respectfully requests that the Trustee's obligation, if any, to orally examine the Debtor at a meeting of creditors conducted pursuant to §341(a) be waived and that the meeting be deemed concluded.

Dated: April 5, 2007  
        Wilmington, Delaware

By: /s/ John V. Fiorella  
John V. Fiorella (No. 4330)  
ARCHER & GREINER  
A Professional Corporation  
300 Delaware Avenue, Suite 1370  
Wilmington, DE 19801  
Telephone (302) 777-4350  
Facsimile (302) 777-4352  
Email jfiorella@archerlaw.com  
Counsel for Alfred T. Giuliano, Ch. 7 Trustee

2528232v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| THE ULTIMATE LIVING GROUP, LLC, | : | Case No. 07-00161 (JJF) |
| | : | |
| Debtor. | : | |
| | : | |
| | : | **Related Doc. No.** |

**ORDER REGARDING TRUSTEE'S MOTION TO WAIVE THE REQUIREMENT OF EXAMINATION OF DEBTOR AT THE MEETING OF CREDITORS PURSUANT TO SECTION 341(A) OF THE BANKRUPTCY CODE**

AND NOW, this _____, day of _____, 2007 upon consideration of the Motion of Trustee to Waive the Requirement of Examination of Debtor at the Meeting of Creditors Pursuant to §341(a) of the Bankruptcy Code (the "Motion"); and any response thereto; and having determined the notice as described in the Motion to be adequate and appropriate under the circumstances, it is hereby

ORDERED that the Motion is APPROVED, it is

FURTHER ORDERED, the Trustee's obligation, if any, to orally examine the Debtor at a meeting of creditors conducted pursuant to 11 U.S.C. §341 is hereby WAIVED and the meeting of creditors is deemed concluded.

BY THE COURT:

_____
HONORABLE JOSEPH J. FARNAM, JR.
U.S. District Court Judge

2528288v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| THE ULTIMATE LIVING GROUP, LLC, | : | Case No. 07-00161 (JJF) |
| | : | |
| Debtor. | : | Responses Due: April 19, 2007@ 4:00 p.m. |
| | : | |
| | : | Reply to Responses Due: April 26, 2007 @ 2:00 p.m. |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Chapter 7 Trustee's Motion to Waive the Requirement of Examination of the Debtor at the Meeting of Creditors Pursuant to §341(a) of the Bankruptcy Code (the "Motion") was filed electronically on April 5, 2007, and is available for viewing and downloading from the ECF system. The Motion was also served on all parties on the attached service list by notice of electronic filing on April 5, 2007 and via regular first class mail on April 5, 2007.

Dated: April 5, 2007

ARCHER & GREINER, P.C.

By: /s/ John V. Fiorella         .
    John V. Fiorella, Esq. (#4330)
    One Centennial Square
    Haddonfield, NJ 08033
    (856) 795-2121
    (856) 795-0574 (fax)
    jfiorella@archerlaw.com

SERVICE LIST
THE ULTIMATE LIVING GROUP, LLC
CH. 7, CASE NO. 04-12990

| | |
|---|---|
| James E. Huggett, Esquire<br>Harvey, Pennington Ltd.<br>913 N. Market St., Suite 702<br>Wilmington, DE 19801<br><br>Facsimile: 302-428-0734<br>Attorneys for Debtor | Office of the US Trustee<br>844 King St., Room 2207<br>Lockbox #35<br>Wilmington, DE 19899-0035<br><br>Facsimile: |
| Worldspan, L.P.<br>Michael B. McCauley, Esquire<br>Palmer, Biezup & Henderson LLP<br>1223 Foulk Road<br>Wilmington, DE 19803<br><br>Facsimile: 302-478-7625<br>Attorneys for Worldspan, L.P. | ASSEDIC<br>44 Rue Berlioz<br>BP 1154<br>06003 Nice Cedex 1<br>France |
| Azur Assurance<br>2 Place George Sand<br>BP 8<br>18007 Bourges Cediec<br>France | France Telecom<br>ADV Seg N 06BP 2089<br>16102 Nice Cedex 2<br>France |
| George Vidry<br>One Avenue General de Gaulle<br>06232 Ville Franche<br>France | Munegu<br>28 Bis Avenue de l'Annociade<br>MC 98000<br>Monaco<br>France |
| URSAFF des Alpes Maritimes<br>152 Avenue de la Californie<br>06200 Nice<br>France | Commerce Associates<br>Attn: Landlord<br>Tenant The Ultimate Living Group, LLC<br>One Commerce Center, 1201 N. Orange St.<br>Wilmington, DE 19801 |
| Levy Properties<br>7 Rue Montyan<br>75007 Paris<br>France | Worldspan, L.P.<br>Attention: Officer/Agent<br>300 Galleria Parkway<br>Atlanta, GA 30339 |

2604188v1